IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01733-LTB

STACEY McKERN,

    Plaintiff,

v.

JODY UPTON, Federal Medical Center Carswell,
ANGIE WRIGHT, Federal Medical Center Carswell, and
CANDACE BEEN, Federal Medical Center Carswell,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the Letter, ECF No. 8, that Plaintiff Stacey McKern filed on October 5, 2015, requesting forms and stating she had failed to comply with the August 12, 2015 Order to Cure Deficiencies.  Plaintiff is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the Federal Medical Center in Fort Worth, Texas.  Upon review of the Letter, the Court finds that Plaintiff seeks reconsideration of the Court's Order of Dismissal entered on September 23, 2015.

The Court must construe the document liberally because Plaintiff is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will deny Plaintiff's request for reconsideration based on the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on September 23, 2015. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Plaintiff contends that she was not able to comply with the August 12, 2015 Order, because her case manager would not provide her the Court forms. Plaintiff, however, did not inform the Court of the unavailability of the forms or ask the Court for the forms or an extension of time to cure prior to the Court's dismissal of this case.

The Court, therefore, will deny Plaintiff's Motion because she fails to demonstrate that the Court misapprehended the facts, her position, or the controlling law and that

reinstatement of this action is deserving.   Plaintiff is reminded that this action was dismissed without prejudice.   Accordingly, it is

ORDERED that Plaintiff's Motion to Reconsider, ECF No. 8, filed on October 5, 2015, is denied.

DATED at Denver, Colorado, this   25th   day of   January   , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court